**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 09-1468**

─────────────

SETTLERS CROSSING, L.L.C., a Virginia limited liability
company; WASHINGTON PARK ESTATES, LLC, a Maryland limited
liability company,

                   Plaintiffs - Appellants,

          v.

U.S. HOME CORPORATION, a Delaware corporation,

                   Defendant - Appellee.

─────────────

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.    Deborah K. Chasanow, District Judge.
(8:08-cv-00267-DKC)

─────────────

Argued: March 23, 2010              Decided: June 16, 2010

─────────────

Before NIEMEYER and SHEDD, Circuit Judges, and James A. BEATY,
Jr., Chief United States District Judge for the Middle District
of North Carolina, sitting by designation.

─────────────

Affirmed by unpublished opinion.  Judge Niemeyer wrote the
opinion, in which Judge Shedd and Judge Beaty joined.

─────────────

**ARGUED:**   John J. Sabourin, Jr., REED SMITH, LLP, Leesburg,
Virginia, for Appellants.  Deborah Jean Israel, WOMBLE, CARLYLE,
SANDRIDGE & RICE, PLLC, Washington, D.C., for Appellee.  **ON
BRIEF:**  Paul A. Kaplan, WOMBLE, CARLYLE, SANDRIDGE & RICE, PLLC,
Washington, D.C., for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

NIEMEYER, Circuit Judge:

Settlers Crossing, L.L.C. and Washington Park Estates, LLC (collectively hereafter, "Settlers Crossing") entered into a contract to sell 1,250 acres of real property in Prince George's County, Maryland, to U.S. Home Corporation. Settlement of the transaction was initially scheduled to take place on December 5, 2007, provided that "all conditions precedent to Settlement contained in Section 11 of this Agreement are satisfied." The contract of sale also provided that "in the event any condition precedent to Settlement contained in Section 11 is not satisfied or waived in writing by [U.S. Home] at least ten (10) days prior to the Settlement Date . . ., then the Settlement Date shall automatically be extended to that date which is thirty (30) days after all conditions precedent . . . have been satisfied."

Prior to the initially scheduled settlement date, U.S. Home sent Settlers Crossing a letter stating that Settlers Crossing had failed to satisfy certain conditions precedent, "including but not limited to [the acquisition of] certain off-site easements" and that as a result the settlement date would automatically be extended, as provided in the contract. U.S. Home also noted that the list of unsatisfied conditions that it was providing was not exhaustive. Settlers Crossing did not reply to U.S. Home's letter and did not inquire further about what unstated conditions remained unsatisfied. Rather, on the

3

day after the initial settlement date, Settlers Crossing commenced this action in the Eastern District of Virginia, seeking a declaratory judgment to identify "the conditions precedent, if any, that [were] unsatisfied" on that date. In its complaint, Settlers Crossing did not suggest that the contract of sale had been breached. Indeed, after commencing the action, all parties continued performance of the contract, preparing for the newly scheduled settlement date. The district court in Virginia transferred the case to the District of Maryland, finding that "the events and circumstances giving rise to this claim occurred overwhelmingly in Maryland, not Virginia."

During the early months of 2008, further disputes arose concerning both parties' performance, prompting U.S. Home to file a separate action in the District of Maryland for breach of contract. In this second action, U.S. Home named not only Settlers Crossing, but also its lender, iStar Financial, and others.

Pursuant to various motions filed, the district court dismissed this action, focusing on the lack of any significance that a declaratory judgment would have for resolving the overall disputes. The court noted that a declaratory judgment identifying the unsatisfied conditions as of December 5, 2007, was not of sufficient immediacy to constitute an Article III

4

case or controversy, as it would not conclusively resolve any dispute between the parties because the nature of the dispute was ongoing and changing. Alternatively, the court concluded that even if jurisdiction existed, it would decline, in its discretion, to provide relief under the Declaratory Judgment Act. See 28 U.S.C. § 2201 (affording the court discretion to decline to declare the rights and relations of the parties). The court reasoned that a declaratory judgment would not resolve the disputes between the parties and that, in any event, any dispute over which conditions precedent were not satisfied could be resolved in the second filed action, where the issues were more comprehensively presented. Accordingly, the court dismissed this action.

We affirm the judgment of dismissal on both grounds on which the district court relied. First, the complaint in this action did not present an Article III case or controversy. It is unclear how a declaratory judgment identifying satisfied and unsatisfied conditions precedent as of December 5, 2007, would resolve any dispute and present a decree of conclusive character. The complaint did not allege a breach of contract or any other violation of duty that could lead to relief. It merely sought a declaratory judgment of historical fact about what conditions were or were not satisfied as of December 5, 2007. Since the performance between the parties was ongoing

5

thereafter, such a declaratory judgment would be virtually meaningless. It could only be a historical observation and would, in any event, be an advisory and irrelevant opinion. Accordingly, we agree with the district court that Settlers Crossing's complaint did not present a case or controversy supporting federal jurisdiction. See MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007) (holding that Article III requires that a "dispute be definite and concrete, touching the legal relations of parties having adverse legal interest; and that it be real and substantial and admi[t] a specific relief through a decree of a conclusive character" (internal quotation marks and citation omitted)).

Second, the district court's alternative holding, exercising its discretion not to grant relief under the Declaratory Judgment Act, was sound and prudent. As noted, a declaratory judgment in this case would not clarify the legal relations between the parties or resolve any live controversy. Moreover, all of the legal issues between the parties are subsumed within the second action, which was filed by U.S. Home and remains pending in the district court. Avoiding piecemeal litigation provides a strong reason for declining to declare rights and relationships. See Mitcheson v. Harris, 955 F.2d 235, 239 (4th Cir. 1992) ("[I]t makes no sense as a matter of judicial economy for a federal court to entertain a declaratory

6

action when the result would be to try a controversy by piecemeal, or to try particular issues without settling the entire controversy" (internal quotation marks and citation omitted)).

Accordingly, the judgment of the district court is

AFFIRMED.[*]

---

[*] After the appeal was filed in this action, U.S. Home submitted two motions to dismiss, arguing that this appeal had become moot because Settlers Crossing's lender, iStar Financial, had foreclosed on the property at issue. Because of our ruling in this case, we conclude that we need not reach this issue. For the same reason, we also need not address Settlers Crossing's argument that the Eastern District of Virginia abused its discretion in transferring this action to the District of Maryland.